IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH WOODRUFF, ERICA JOBE, MANDEE KATZ, and SCOTT BABJAK, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | NO. 3:21-cv-02993-B |
| CARIS MPI, INC., and CARIS LIFE SCIENCES, INC., | § § § § | |
| Defendants. | § | |

**DEFENDANTS CARIS MPI, INC. AND CARIS LIFE SCIENCES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST VERIFIED AMENDED COMPLAINT AND REQUEST FOR A DECLARATORY JUDGMENT**

Defendants Caris MPI, Inc. and Caris Life Sciences, Inc. (collectively "Defendants" or "Caris") file this Answer in response to Plaintiffs' First Verified Amended Complaint and Request for a Declaratory Judgment ("Amended Complaint") filed by Plaintiffs Joseph Woodruff, Erica Jobe, Mandee Katz, and Scott Babjak (collectively "Plaintiffs" or "Former Caris Employees") and would otherwise show this Court as follows:

### I.   NATURE OF THE ACTION

1. In response to Paragraph 1 of the Amended Complaint, Defendants deny that Plaintiffs are employees of Caris Life Sciences, Inc. or that they were targeted for termination by Caris for refusing to take the COVID-19 vaccination. Defendants admit that on or about September 17, 2021, Plaintiffs' employer implemented a company-wide COVID-19 vaccination policy ("Vaccination Policy") that required employees unable to obtain an exemption based on religious or medical grounds to obtain the vaccine by December 1, 2021. Defendants further admit that Plaintiffs' employer denied the Former Caris Employees' applications for medical and/or

1

religious exemptions and subsequently terminated the Former Caris Employees' employment for violating the Vaccination Policy, but deny the remaining averments and characterizations contained in Paragraph 1 of the Amended Complaint.

2.      In response to Paragraph 2 of the Amended Complaint, Defendants admit the Vaccination Policy is not mandated by federal order, regulation or statute but deny the remaining averments and characterizations contained in Paragraph 2 of the Amended Complaint. Defendants also expressly deny that the Former Caris Employees are entitled to any damages and/or relief arising out of the Amended Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state or federal common or statutory law and/or that the Former Caris Employees are entitled to any injunctive relief.

3.      In response to Paragraph 3 of the Amended Complaint, Defendants state that the allegations in Paragraph 3 of the Amended Complaint constitute a demand as well as the identification of statutes and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

## II.     JURISDICTION AND VENUE

4.      In response to Paragraph 4 of the Amended Complaint, Defendants state that the allegations in Paragraph 4 of the Amended Complaint constitute a legal conclusion to which no response is required.

5.      In response to Paragraph 5 of the Amended Complaint, Defendants state that the allegations in Paragraph 5 of the Amended Complaint constitute a legal conclusion to which no response is required.

6.      In response to Paragraph 6 of the Amended Complaint, Defendants state that the allegations in Paragraph 6 of the Amended Complaint constitute a legal conclusion to which no response is required.

### III.   PARTIES

7. In response to Paragraph 7 of the Amended Complaint, Defendants admit Plaintiff Joseph Woodruff is an individual, but state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint and consequently deny the same.

8. In response to Paragraph 8 of the Amended Complaint, Defendants admit Plaintiff Erica Jobe is an individual, but state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint and consequently deny the same.

9. In response to Paragraph 9 of the Amended Complaint, Defendants admit Plaintiff Mandee Katz is an individual, but state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint and consequently deny the same.

10. In response to Paragraph 10 of the Amended Complaint, Defendants admit Plaintiff Scott Babjak is an individual, but state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint and consequently deny the same.

11. In response to Paragraph 11 of the Amended Complaint, Defendants admit.

12. In response to Paragraph 12 of the Amended Complaint, Defendants admit.

### IV.   RIGHT TO SUE

13. In response to Paragraph 13 of the Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint and consequently deny the same.

14. In response to Paragraph 14 of the Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint and consequently deny the same.

### V. FACTUAL BACKGROUND

#### A. The Relationship Among the Parties

15. In response to Paragraph 15 of the Amended Complaint, Defendants deny. Defendants also expressly deny that Plaintiffs are entitled to any damages and/or relief arising out of the Amended Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

16. In response to Paragraph 16 of the Amended Complaint, Defendants admit.

17. In response to Paragraph 17 of the Amended Complaint, Defendants deny.

18. In response to Paragraph 18 of the Amended Complaint, Defendants deny.

19. In response to Paragraph 19 of the Amended Complaint, Defendants admit.

20. In response to Paragraph 20 of the Amended Complaint, Defendants deny.

21. In response to Paragraph 21 of the Amended Complaint, Defendants deny.

#### B. Governor Greg Abbott's Executive Order GA-40

22. In response to paragraph 22 of the Amended Complaint, Defendants state that the Executive Order at issue speaks for itself and that the remaining statements constitute contentions to which no response is necessary. Defendants, however, deny the ambiguously referenced exhibit contained in this Paragraph. Regarding the status of legal action associated with the Executive Order at issue, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint and consequently deny the same.

#### C. Federal Policies

23. In response to Paragraph 23 of the Amended Complaint, Defendants state the Emergency Temporary Standard, court opinions and actions taken by OSHA, as alleged in the Amended Complaint, speak for themselves and do not require a response.

24. In response to Paragraph 24 of the Amended Complaint, Defendants state that the Interim Final Rule ("IFC") and the referenced injunction allegedly issued by the federal district court in Missouri, as alleged in the Amended Complaint, speak for themselves and do not require a response. Defendants admit, however, that Defendants do not fall within the categories listed in this paragraph but deny the ambiguously referenced exhibit contained in this Paragraph.

**D. CARIS's Covid-19 vaccination policy.**

25. In response to Paragraph 25 of the Amended Complaint, Defendants admit that Plaintiffs' employer began developing its Vaccination Policy in July 2021 prior to its formal adoption and rollout on August 25, 2021. Defendants further admit that the Vaccination Policy set forth in Document No. SOP-HR-0019, COVID-19 Protocol Policy and HR0020.0, Our Policy on COVID-19 Protocols speak for themselves and do not necessitate a response. Defendants, however, deny the ambiguously referenced exhibits contained in this Paragraph.

26. In response to Paragraph 26 of the Amended Complaint, Defendants admit Plaintiffs' employer sent an email to Plaintiff Scott Babjak and other Caris employees regarding the implementation of the Vaccination Policy, but deny any characterization of the email made in Paragraph 26 of the Amended Complaint. Defendants also deny the ambiguously referenced exhibits contained in this Paragraph.

27. In response to Paragraph 27 of the Amended Complaint, Defendants admit that the email exchange in Paragraph 27 of the Amended Complaint took place, but deny any characterization of the email made in Paragraph 27 of the Amended Complaint. Defendants, however, deny the ambiguously referenced exhibit contained in this Paragraph.

28. In response to Paragraph 28 of the Amended Complaint, Defendants admit that the email exchange in Paragraph 28 of the Amended Complaint took place, but deny any characterization of the email made in Paragraph 28 of the Amended Complaint. Defendants, however, deny the ambiguously referenced exhibit contained in this Paragraph.

29. In response to Paragraph 29 of the Amended Complaint, Defendants admit that the email exchange in Paragraph 29 of the Amended Complaint took place, but deny any characterization of the email made in Paragraph 29 of the Amended Complaint. Defendants, however, deny the ambiguously referenced exhibit contained in this Paragraph.

30. In response to Paragraph 30 of the Amended Complaint, Defendants admit that Plaintiffs' employer denied the alleged religious and medical exemptions requested, but deny the remainder of the averments contained in Paragraph 30 of the Amended Complaint.

**E.  Plaintiffs' requests for religious and medical exemptions were denied.**

*a)  Plaintiff Babjak's exemption request and denial.*

31. In response to Paragraph 31 of the Amended Complaint, Defendants admit.

32. In response to Paragraph 32 of the Amended Complaint, Defendants admit that Plaintiffs' employer denied Plaintiff Babjak's request for a religious exemption, but deny the remainder of the averments contained within Paragraph 32 of the Amended Complaint including, but not limited to the ambiguously referenced exhibit contained in this Paragraph.

33. In response to Paragraph 33 of the Amended Complaint, Defendants admit that the email exchange described in Paragraph 33 of the Amended Complaint took place, but deny any characterization of the email exchange made in Paragraph 33 of the Amended Complaint. Defendants also deny the ambiguously referenced exhibit contained in this Paragraph.

34. In response to Paragraph 34 of the Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations

6

in Paragraph 34 of the Amended Complaint and consequently deny the same. Defendants also deny the ambiguously referenced exhibit contained in this Paragraph.

35. In response to Paragraph 35 of the Amended Complaint, Defendants admit Caris Life Sciences, Inc. terminated the employment of Plaintiff Babjak in March 2022 but deny the remainder of the averments in Paragraph 35.

36. In response to Paragraph 36 of the Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint and consequently deny the same.

    b)  *Erica Jobe's exemption request and denial.*

37. In response to Paragraph 37 of the Amended Complaint, Defendants admit that Plaintiff Jobe submitted paperwork requesting a medical exemption. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Amended Complaint and consequently deny the same. Defendants also deny the ambiguously referenced exhibit contained in this Paragraph.

38. In response to Paragraph 38 of the Amended Complaint, Defendants admit that Plaintiff Jobe submitted paperwork requesting a religious exemption. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Amended Complaint and consequently deny the same. Defendants also deny the ambiguously referenced exhibit contained in this Paragraph.

39. In response to Paragraph 39 of the Amended Complaint, Defendants admit Plaintiffs' employer denied Plaintiff Erica Jobe's request for a religious and medical exemption, but deny any characterization of the email of October 28, 2021, denying the requested exemption made in Paragraph 39 of the Amended Complaint. Defendants also deny the ambiguously referenced exhibit contained in this Paragraph.

40. In response to Paragraph 40 of the Amended Complaint, Defendants admit Plaintiff Jobe appealed the denial of her request for a religious and medical exemption, but deny any characterization of the email exchange regarding the denial of the appeal made in Paragraph 40 of the Amended Complaint. Defendants also deny the ambiguously referenced exhibit contained in this Paragraph.

41. In response to Paragraph 41 of the Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint and consequently deny the same. Defendants also deny the ambiguously referenced exhibit contained in this Paragraph.

42. In response to Paragraph 42 of the Amended Complaint, Defendants admit Caris Life Sciences, Incorporated terminated the employment of Plaintiff Jobe effective December 1, 2021, but deny the remainder of the averments contained in Paragraph 42 of the Amended Complaint.

  *c)*  *Mandee Katz's exemption request and denial*

43. In response to Paragraph 43 of the Amended Complaint, Defendants admit that Plaintiff Mandee Katz requested a medical and religious exemption, but deny any characterization of the request for a religious and medical exemption and/or the Pfizer, Moderna, and Johnson & Johnson vaccines made in Paragraph 43 of the Amended Complaint. Defendants, however, deny the ambiguously referenced exhibits contained in this Paragraph.

44. In response to Paragraph 44 of the Amended Complaint, Defendants admit. Defendants, however, deny the ambiguously referenced exhibit contained in this Paragraph.

45. In response to Paragraph 45 of the Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Amended Complaint and consequently deny the same.

46. In response to Paragraph 46 of the Amended Complaint, Defendants admit Caris Life Sciences, Incorporated terminated the employment of Plaintiff Katz effective December 1, 2021, but deny the remainder of the averments contained in Paragraph 46 of the Amended Complaint.

   d) *Joseph Woodruff's exemption request and denial*

47. In response to Paragraph 47 of the Amended Complaint, Defendants admit that Plaintiff Joseph Woodruff requested a religious exemption, but deny any characterization of the request for a religious exemption made in Paragraph 47 of the Amended Complaint. Defendants further deny the ambiguously referenced exhibit contained in this Paragraph.

48. In response to Paragraph 48 of the Amended Complaint, Defendants admit Plaintiffs' employer denied Plaintiff Joseph Woodruff's requested religious exemption, but deny any characterization of the request for a religious exemption made in Paragraph 48 of the Amended Complaint. Defendants further deny the ambiguously referenced exhibits contained in this Paragraph.

49. In response to Paragraph 49 of the Amended Complaint, Defendants admit the email exchange set forth in Paragraph 49 of the Amended Complaint took place, but deny any characterization of the email exchange made in Paragraph 49 of the Amended Complaint. Defendants further deny the ambiguously referenced exhibit contained in this Paragraph.

50. In response to Paragraph 50 of the Amended Complaint, Defendants admit Plaintiffs' employer denied Plaintiff Joseph Woodruff's appeal of the denial of his request for religious exemption, but deny any characterization of the email setting forth the denial of his request made in Paragraph 50 of the Amended Complaint. Defendants further deny the ambiguously referenced exhibit contained in this Paragraph.

51. In response to Paragraph 51 of the Amended Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Amended Complaint and consequently deny the same. Defendants further deny the ambiguously referenced exhibit contained in this Paragraph.

52. In response to Paragraph 52 of the Amended Complaint, Defendants admit that Caris Life Sciences, Incorporated terminated Plaintiff Woodruff's employment effective December 1, 2021, but deny the remainder of the averments contained in Paragraph 52 of the Amended Complaint.

### VI.  CARIS DISCRIMINATED AGAINST PLAINTIFFS ON RELIGIOUS AND MEDICAL GROUNDS, VIOLATING TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE AMERICANS WITH DISABILITIES ACT

#### A. **CARIS is discriminating against Plaintiffs based upon their religious beliefs in violation of Title VII, Civil Rights Act of 1964.**

53. In response to Paragraph 53 of the Amended Complaint, Defendants incorporate and restate, as if fully stated herein, the previous paragraphs.

54. In response to Paragraph 54 of the Amended Complaint, Defendants admit that Plaintiffs' employer terminated the employment of Plaintiffs based on their violation of their Vaccination Policy after denying their respective requests for religious exemption, but otherwise deny the remaining averments contained in Paragraph 54 of the Amended Complaint.

55. In response to Paragraph 55 of the Amended Complaint, Defendants deny. Defendants also expressly deny that Plaintiffs are entitled to any damages and/or relief arising out of the Amended Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

56. In response to Paragraph 56 of the Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Amended Complaint and consequently deny the same.

57. In response to Paragraph 57 of the Amended Complaint, Defendants state that the allegations in Paragraph 57 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same and further deny that each of the Plaintiffs exhausted their administrative remedies prior to filing the above-captioned action.

58. In response to Paragraph 58 of the Amended Complaint, Defendants deny.

59. In response to Paragraph 59 of the Amended Complaint, Defendants state that the allegations in Paragraph 59 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same. Defendants further deny that Plaintiffs are entitled to injunctive relief of any kind as Defendants have taken no action nor committed any omissions that would constitute a violation of any local, state or federal common or statutory law.

60. In response to Paragraph 60 of the Amended Complaint, Defendants deny. Defendants also expressly deny that Plaintiffs are entitled to any damages and/or relief arising out of the Amended Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

**B.  CARIS has violated the ADA.**

61. In response to Paragraph 61 of the Amended Complaint, Defendants incorporate and restate, as if fully stated herein, the previous paragraphs.

62. In response to Paragraph 62 of the Amended Complaint, Defendants admit that Plaintiffs' employer terminated the employment of Plaintiffs Jobe and Katz based on their

violation of their Vaccination Policy after denying their respective requests for religious exemption, but otherwise deny the remaining averments contained in Paragraph 62 of the Amended Complaint.

63. In response to Paragraph 63 of the Amended Complaint, Defendants deny. Defendants also expressly deny that Plaintiffs are entitled to any damages and/or relief arising out of the Amended Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

64. In response to Paragraph 64 of the Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint and consequently deny the same.

65. In response to Paragraph 65 of the Amended Complaint, Defendants state that the allegations in Paragraph 65 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

66. In response to Paragraph 66 of the Amended Complaint, Defendants state that the allegations in Paragraph 66 of the Amended Complaint constitute a demand for relief and a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.  Defendants further deny that Plaintiffs are entitled to injunctive relief of any kind as Defendants have taken no action nor committed any omissions that would constitute a violation of any local, state or federal common or statutory law.

67. In response to Paragraph 67 of the Amended Complaint, Defendants deny. Defendants also expressly deny that Plaintiffs are entitled to any damages and/or relief arising out of the Amended Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

## VII. REQUEST FOR DECLARATORY JUDGMENT

68. In response to Paragraph 68 of the Amended Complaint, Defendants incorporate and restate, as if fully stated herein, the previous paragraphs.

69. In response to Paragraph 69 of the Amended Complaint, Defendants state that the allegations contained in Paragraph 69 of the Amended Complaint constitute a request for relief and a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same. Defendants also expressly deny that Plaintiffs are entitled to any damages and/or relief arising out of the Amended Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state or federal common or statutory law.

70. In response to Paragraph 70 of the Amended Complaint, Defendants state that the allegations contained in Paragraph 70 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same. Defendants also expressly deny that Plaintiffs are entitled to any damages and/or relief arising out of the Amended Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state or federal common or statutory law.

71. In response to Paragraph 71 of the Amended Complaint, Defendants state that the allegations contained in Paragraph 71 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same. Defendants also expressly deny that Plaintiffs are entitled to any damages and/or relief arising out of the Amended Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state or federal common or statutory law.

72. In response to Paragraph 72 of the Amended Complaint, Defendants deny. Defendants further deny that Plaintiffs are entitled to any damages and/or relief arising out of the

Amended Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state or federal common or statutory law.

73. In response to Paragraph 73 of the Amended Complaint, Defendants state that the allegations made in Paragraph 73 of the Amended Complaint constitute a request for relief to which no response is required. To the extent a response is required, Defendants deny the same.

74. In response to Paragraph 74 of the Amended Complaint, Defendants state that the allegations in Paragraph 74 of the Amended Complaint constitute a demand for relief and a legal conclusion for which no response is required. Defendants further deny the ambiguously referenced exhibit contained in this Paragraph and throughout the Amended Complaint. To the extent a response is required, Defendants deny the same. Defendants further deny that Plaintiffs are entitled to injunctive relief of any kind as Defendants have taken no action nor committed any omissions that would constitute a violation of any local, state or federal common or statutory law.

## VIII. COSTS AND ATTORNEY'S FEES

75. In response to Paragraph 75 of the Amended Complaint, Defendants state that the allegations made in Paragraph 75 of the Amended Complaint constitute a request for relief to which no response is required. To the extent a response is required, Defendants deny the same. Defendants further state that Plaintiffs' requests for attorneys' fees under TEX. CIV. PRAC. & REM. CODE § 37.009 are not allowed in this action. *See Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) ("[A] party may not rely on the Texas DJA to authorize attorney's fees in a diversity case because the statute is not substantive law.").

## VIII. PRAYER

76. In response to the WHEREFORE paragraph, Defendants state that the allegations constitute a request for relief for which no response is required. To the extent a response is required, Defendants deny the same. Defendants also expressly deny that Plaintiffs are entitled to

14

any damages and/or relief arising out of the Amended Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state or federal common or statutory law.

77.     Unless otherwise expressly admitted herein, Defendants deny the truth of each and every averment set forth in the Amended Complaint.

## DEFENSES AND/OR AFFIRMATIVE DEFENSES

By way of further Answer and without assuming any burden it would otherwise not have, Defendants plead the following defenses and/or affirmative defenses. Defendants specifically reserve the right to supplement these pleadings with further applicable defenses as more facts become available. To the sole extent that any defenses or legal theories may be interpreted as being inconsistent, Defendants state that such defenses or legal theories are plead in the alternative.

1.     Subject to and without waiving the foregoing, and in the alternative if necessary, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to state claims upon which relief can be granted.

2.     Subject to and without waiving the foregoing, and in the alternative if necessary, Plaintiffs' damages, if any, are limited to the extent that they failed to mitigate their damages.

3.     Subject to and without waiving the foregoing, and in the alternative if necessary, Plaintiffs' claims are barred to the extent that they failed to exhaust their administrative remedies and fulfill the statutory requirements for suit.

4.     Subject to and without waiving the foregoing, and in the alternative if necessary, all actions regarding Plaintiffs were based on job-related factors, consistent with business necessity, and for legitimate, non-discriminatory and lawful reasons.

5. Subject to and without waiving the foregoing, and in the alternative if necessary, Plaintiffs' claims for economic, compensatory, and punitive damages, to the extent sought, and all other relief are subject to all applicable statutory caps and limitations

6. Subject to and without waiving the foregoing, and in the alternative if necessary, Plaintiffs' action should be limited given that their positions would have been terminated for legitimate, non-discriminatory and lawful reasons.

7. Subject to and without waiving the foregoing, and in the alternative if necessary, Defendants should be entitled to an offset for damages, if any, for income Plaintiffs received during the applicable time period.

8. Subject to and without waiving the foregoing, and in the alternative if necessary, Plaintiffs' claims may be barred, in whole or in part, by the doctrine of after-acquired evidence, depending on what the discovery in this case may show.

9. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiffs' burden to show otherwise, Plaintiffs have sued the wrong party, or have sued one or more of the Defendants in the wrong capacity.

10. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiffs' burden to show otherwise, Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged damages, if any, are due solely to their own actions and/or inactions and/or by the action and/or inaction of a third party or parties, and not by those of Defendants.

11. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiffs' burden to show otherwise, some or all of Plaintiffs' claims are

barred by the doctrine of unclean hands, the doctrine of estoppel, the doctrine of unjust enrichment and/or any other applicable equitable doctrines.

12. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiffs' burden to show otherwise, some or all of Plaintiffs' claims are barred because and to the extent that Plaintiffs cannot show that Plaintiffs were prejudiced or harmed by any acts of Defendants.

13. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiffs' burden to show otherwise, Plaintiffs' claims for relief are barred to the extent Plaintiffs' knowledge, acts, omissions and/or conduct contributed to the damages alleged to be caused by Defendants including any claims for relief that arise out of Plaintiffs' own negligence, carelessness and/or intentional acts which caused or contributed to the alleged injuries and/or damages.

14. Plaintiffs' declaratory judgment claim fails as Plaintiffs have failed to present a justiciable case or controversy for resolution.

15. Plaintiffs' declaratory judgment claim fails as Plaintiffs fail to seek a declaration of rights, status and other legal relations by and between Plaintiffs and Defendants.

16. Defendants reserve the right to file and serve additional defenses as appropriate.

WHEREFORE, Defendants pray that this Court enter judgment in its favor and find that Plaintiffs take nothing, dismiss Plaintiffs' claims with prejudice and award Defendants all proper, reasonable and necessary attorneys' fees, costs and such other and further relief as it may be justified in this action.

| | |
|---|---|
| Dated October 28, 2022 | Respectfully submitted,<br><br>*/s/ Sherry L. Travers*<br>Sherry L. Travers<br>Texas State Bar No. 00793097<br>M. Scott McDonald<br>Texas State Bar No. 13555505<br>Mark A. Flores<br>Texas State Bar No. 24076385<br><br>LITTLER MENDELSON, P.C.<br>A Professional Corporation<br>2001 Ross Avenue<br>Suite 1500, Lock Box 116<br>Dallas, TX  75201.2931<br>214.880.8100<br>214.880.0181 (Fax)<br>stravers@littler.com<br>smcdonald@littler.com<br>markflores@littler.com<br><br>Kim Miers<br>Texas State Bar No. 24041482<br><br>LITTLER MENDELSON, P.C.<br>100 Congress Avenue, Suite 1400<br>Austin, TX 78701<br>512.982.7250<br>214.880.0810 (Fax)<br><br>David Jordan<br>Texas State Bar No. 24032603<br><br>LITTLER MENDELSON, P.C.<br>1301 McKinney Street, Suite 1900<br>Houston, TX 77010-3031<br>713.951.9400<br>713.951.9212 (Fax)<br><br>*Counsel for Defendants Caris MPI, Inc. and Caris Life Sciences, Inc..* |

## **CERTIFICATE OF SERVICE**

On October 28, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas and electronically served same, using the Case Management/Electronic Case Filing (CM/ECF) system of the Court. The CM/ECF system sent a Notice of Electronic Filing to the following counsel of record, who has consented in writing to accept service of this document by electronic means:

| | |
|---|---|
| Charles M.R. Vethan<br>Joseph L. Lanza<br>The Vethan Law Firm, PC<br>820 Gessner, Suite 1510<br>Houston, TX 77024<br>edocs@vwtexlaw.com | |

*/s/ Sherry L. Travers*
Sherry L. Travers

4860-1588-2555.6 / 091759-1021